UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD CURETON,
          Plaintiff,                       CASE NO.: 2:07-CV-14213

vs.                                 DISTRICT JUDGE BERNARD A. FRIEDMAN
                                          MAGISTRATE JUDGE STEVEN D. PEPE
CHAD SMITH, ET. AL.,
          Defendants.
_____/

**Report and Recommendation Granting Defendant Sheldon's
Motion to Quash Service (Dkt. # 6)**

This suit arises from Plaintiff's criminal suit in which he pled guilty on November 15, 2007. Plaintiff filed his civil complaint on October 3, 2007, claiming that, pursuant to 42 U.S.C. § 1983, his constitutional rights were violated (Dkt. # 1). Plaintiff claims the following: abuse of process, false arrest, false imprisonment, malicious prosecution, conspiracy, and among other things willful violation of the 4th, 5th, 7th, 8th and 14th Amendments to the U.S. Constitution. On November 27, 2007, all pretrial matters were referred to the undersigned (Dkt. # 9).

Defendant Sheldon, Plaintiff's former counsel, filed a motion to quash service as insufficient (Dkt. # 6). Plaintiff did not respond to this motion.[1] A hearing on this motion was scheduled for January 30, 2008 (Dkt. # 10). Neither party to the suit was able to make this scheduled hearing. Local Rule 7.1(e)(2) provides that oral hearings ". . .will be held unless the judge at any time prior to the hearing orders their submission and determination without oral hearing on the briefs filed as required by this rule." L.R. 7.1(e)(2). Based on a review of the briefings filed by the parties and for the reasons discussed below, **IT IS RECOMMENDED** that

---

[1] Defendant Sheldon has contacted Plaintiff's counsel (Gerrow "Gerry" Mason, P59065), leaving phone messages but Defendant has received no reply (Dkt. # 12).

Defendant Sheldon's motion to quash be **GRANTED**.

**I.     Background:**

While unclear, Plaintiff's complaint seems to indicate that he was arrested outside his home for running a stop sign. Plaintiff admits that following his running the stop sign Defendant Smith, a police officer with the City of Port Huron, stopped in Plaintiff's driveway. Plaintiff walked away from the officer who placed his hands upon Plaintiff (Dkt. # 1, p. 8). Plaintiff acknowledged that he cursed at the Officer Smith, but stated that these words are less offensive than "the violation of Plaintiff's constitutional rights." *Id.* at 9.

Plaintiff claims that Defendant Sheldon conspired with the other Defendants to violate his due process rights (Dkt. # 1, ¶ 62) and that he failed to consult with Plaintiff in advance of trial (*Id.* at ¶¶ 63-73).

   A.     *Motion to Quash:*

On November 7, 2007, Defendant Sheldon filed a motion to quash service as insufficient (Dkt. # 6). In this motion, Mr. Sheldon claims that on October 18, 2007, he appeared to receive, from Plaintiff, what was purportedly a complaint naming him as a Defendant (Dkt. # 6). Defendant Sheldon states that no summons was served with the complaint, and no request for waiver of service/summons was provided. Defendant Sheldon claims that such service was insufficient and defective in violation of Federal Rule of Civil Procedure 4.

The Federal Rules of Civil Procedure describe the required steps for completing service of process. *See* 5B WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1353 (2004) ("The procedural requirements for proper service are set forth in Rule 4 and they are incorporated by Rule 12(b)."). Federal Rule of Civil Procedure 4 provides that: "(a): The summons shall be signed by the clerk, bear the seal of the court, identify the court and the

parties, be directed to the defendant, and state the name and address of the plaintiff's attorney, or if unrepresented of the plaintiff." "(c)(1) A summons shall be served together with a copy of the complaint. The Plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)." FED. R. CIV. P. 4(a) & (c)(1).

Federal Rule of Civil Procedure 12(b)(5) provides that "insufficiency of service of process" is a valid defense to a claim. FED. R. CIV. P. 12(b)(5). "A Rule 12(b)(5) motion is proper vehicle for challenging the mode of delivery of the summons and complaint" 5B WRIGHT & MILLER FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1353 (2004).

Service of process is a factual matter, but Plaintiff has failed to establish any facts to support the claim that service has been effectuated. Defendant Sheldon has not waived the procedural defects of Plaintiff's efforts to serve him, and for this reason, **IT IS RECOMMENDED** that Defendant Sheldon's motion to quash be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Date: January 30, 2008  　　　　　　　　　　　　　　s/Steven D. Pepe
Ann Arbor, Michigan  　　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ***Report and Recommendation*** was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 30, 2008.

　　　　　　　　　　　　　　　　　　　　　　　s/ Alissa Greer
　　　　　　　　　　　　　　　　　　　　　　　Case Manager to Magistrate
　　　　　　　　　　　　　　　　　　　　　　　Judge Steven D. Pepe
　　　　　　　　　　　　　　　　　　　　　　　(734) 741-2298