UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD CURETON,
          Plaintiff,                      CASE NO.: 2:07-CV-14213

vs.                              DISTRICT JUDGE  BERNARD A. FRIEDMAN
                                    MAGISTRATE JUDGE STEVEN D. PEPE

CHAD SMITH, ET. AL.,
          Defendants.
_____/

**Opinion and Order Granting Defendant Sheldon's and Defendant St. Clair County's
Motions for a More Definite Statement (Dkt. ## 4 & 8).**

      This suit arises from Plaintiff's criminal suit in which he pled guilty on November 15,

2007.  Plaintiff filed his civil complaint on October 3, 2007, claiming that, pursuant to 42 U.S.C.

§ 1983, his constitutional rights were violated (Dkt. # 1).  Plaintiff claims the following: abuse of

process, false arrest, false imprisonment, malicious prosecution, conspiracy, and among other

things willful violation of the 4th, 5th, 7th, 8th and 14th Amendments to the U.S. Constitution.

*Id.*  On November 27, 2007, all pretrial matters were referred to the undersigned (Dkt. # 9).

      Defendant Sheldon, Plaintiff's former counsel, filed a motion for more definite statement

(Dkt. # 4).  On November 13, 2007, Defendant St. Clair County filed a motion for more definite

statement (Dkt. # 8).  Defendant has not responded to either motion.  A hearing on these motions

was scheduled for January 30, 2008 (Dkt. # 10).  Several of the parties were unable to make this

scheduled hearing.  Local Rule 7.1(e)(2) provides that oral hearings ". . .will be held unless the

judge at any time prior to the hearing orders their submission and determination without oral

hearing on the briefs filed as required by this rule."  L.R. 7.1(e)(2).  Based on a review of the

briefs filed by the parties and for the reasons discussed below, it is hereby ordered that

Defendants' motion for more definite statements be **GRANTED**.

# I.    Background:

While unclear, Plaintiff's complaint seems to indicate that he was arrested outside his home for running a stop sign.  Plaintiff admits that following his running the stop sign Defendant Smith, a police officer with the City of Port Huron, stopped in Plaintiff's driveway.  Plaintiff walked away from the officer who placed his hands upon Plaintiff (Dkt. # 1, p. 8).  Plaintiff acknowledged that he cursed at the Officer Smith, but stated that these words are less offensive than "the violation of Plaintiff's constitutional rights."  *Id.* at 9.

Plaintiff claims that Defendant Sheldon conspired with the other Defendants to violate his due process rights (Dkt. # 1, ¶ 62), and that he failed to consult with Plaintiff in advance of trial (*Id.* at ¶¶ 63-73).  Plaintiff seemingly asserts that Defendant, St. Clair County, is liable due to its failure to control or monitor Defendant Smith.

## A.    *Defendant Sheldon's Motion For a More Definite Statement (Dkt. # 4):*

Defendant Sheldon was Plaintiff's court appointed counsel who, with the court's approval, withdrew from representation of Plaintiff after a breakdown in their relationship (Dkt. # 4).  Plaintiff claims that Defendant Sheldon was an "accomplice with the other Defendants" (Dkt. # 1, ¶ 62) and that Defendant Sheldon breached duties of criminal representation.  *Id.* at ¶¶ 64-73.

Under Federal Rule of Civil Procedure 12(e) Defendant Sheldon seeks a more definite statement as to: (1) facts detailing when Defendant Sheldon became an accomplice with other Defendants, and (2) standards of legal representation that were breached (Dkt. # 4, p. 3).

Federal Rule of  Civil Procedure 12(e) provides that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before

interposing a responsive pleading." FED. R. CIV. P. 12(e).  Rule 12(e) has been restricted to requiring a more definite statement "only in cases where the movant cannot reasonably be require to frame an answer or other responsive pleading to the pleading in question."  1948 Amendment to the Federal Rules of Civil Procedure.  Thus, a defendant "can request a more definite statement of the complaint in order to enable the preparation of an answer."  WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1375 (2004).  This is what Defendant seeks.

Plaintiff's complaint provides little detail regarding the alleged wrongdoing of Defendant Sheldon.  Accordingly, Defendant Sheldon's motion seeking a more definite statement is **GRANTED**.

**C**.    *Defendant St. Clair County's Motion For a More Definite Statement (Dkt. # 8):*

Defendant St. Clair County seeks a more definite statement as Plaintiff's complaint does not cite any specific actions by Defendant St. Clair County which caused harm to Plaintiff. Plaintiff's sole claim against the County is a vague assertion that the County is responsible for the actions of Port Huron police officer, Defendant Smith (Dkt. # 1, ¶2).

Given Plaintiff's failure to allege any specific actions taken by Defendant St. Clair County, Defendant's motion seeking a more definite statement is **GRANTED**.

Accordingly, it is ordered:
1.      On or before February 20, 2008, Plaintiff is required to file an amended complaint detailing specific factual allegations and claims for relief against Defendants Sheldon and St. Clair County.

2.      Failure to timely file an amended complaint will result in a recommendation of dismissal of Defendants Sheldon and St. Clair County from this suit.

**SO ORDERED.**

 Date: January 30, 2008                                    s/Steven D. Pepe_____
Ann Arbor, Michigan                                    United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ***Order*** was served on the attorneys and/or parties of

record by electronic means or U.S. Mail on January 30, 2008.


                                        s/ Alissa Greer_____
                                        Case Manager to Magistrate
                                        Judge Steven D. Pepe
                                        (734) 741-2298