UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD CURETON,
         Plaintiff,                       CASE NO.: 2:07-CV-14213

vs.                                 DISTRICT JUDGE  BERNARD A. FRIEDMAN
                                   MAGISTRATE JUDGE STEVEN D. PEPE

CHAD SMITH,
         Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING
DISMISSAL OF DEFENDANTS SHELDON AND ST. CLAIR COUNTY**

      This suit arises from Plaintiff's criminal suit in which he pled guilty on November 15,

2007.  Plaintiff filed his civil complaint on October 3, 2007, claiming that, pursuant to 42 U.S.C.

§ 1983, his constitutional rights were violated (Dkt. # 1).  Plaintiff claims the following: abuse of

process, false arrest, false imprisonment, malicious prosecution, conspiracy, and among other

things willful violation of the 4th, 5th, 7th, 8th and 14th Amendments to the U.S. Constitution.

*Id.*  On November 27, 2007, all pretrial matters were referred to the undersigned (Dkt. # 9).

      Defendant Sheldon, Plaintiff's former counsel, filed a motion for more definite statement

(Dkt. # 4).  On November 13, 2007, Defendant St. Clair County filed a motion for more definite

statement (Dkt. # 8).  Plaintiff has not responded to either motion.  A hearing on these motions

was scheduled for January 30, 2008 (Dkt. # 10).  Several of the parties were unable to make this

scheduled hearing.  Local Rule 7.1(e)(2) provides that oral hearings ". . .will be held unless the

judge at any time prior to the hearing orders their submission and determination without oral

hearing on the briefs filed as required by this rule."  L.R. 7.1(e)(2).  Based on a review of the

briefs filed by the parties and for the reasons discussed below, the undersigned granted

Defendants' motions seeking more definite statements (Dkt. # 14).  This order provided Plaintiff

until January 20, 2008, to file a statement that more fully detailed his allegations against Defendants Sheldon and St. Clair County. Given Plaintiff's failure to respond, **IT IS RECOMMENDED** that Defendants Sheldon and St. Clair County be **DISMISSED**.

## I.    Background:

While unclear, Plaintiff's complaint seems to indicate that he was arrested outside his home for running a stop sign. Plaintiff admits that following his running the stop sign Defendant Smith, a police officer with the City of Port Huron, stopped in Plaintiff's driveway. Plaintiff walked away from the officer who placed his hands upon Plaintiff (Dkt. # 1, p. 8). Plaintiff acknowledged that he cursed at the Officer Smith, but stated that these words are less offensive than "the violation of Plaintiff's constitutional rights." *Id.* at 9.

Plaintiff claims that Defendant Sheldon conspired with the other Defendants to violate his due process rights (Dkt. # 1, ¶ 62), and that he failed to consult with Plaintiff in advance of trial (*Id.* at ¶¶ 63-73). Plaintiff seemingly asserts that Defendant, St. Clair County, is liable due to its failure to control or monitor Defendant Smith.

Defendant Sheldon was Plaintiff's court appointed counsel who, with the court's approval, withdrew from representation of Plaintiff after a breakdown in their relationship (Dkt. # 4). Plaintiff claims that Defendant Sheldon was an "accomplice with the other Defendants" (Dkt. # 1, ¶ 62) and that Defendant Sheldon breached duties of criminal representation. *Id.* at ¶¶ 64-73. Under Federal Rule of Civil Procedure 12(e) Defendant Sheldon sought a more definite statement as to: (1) the facts detailing when Defendant Sheldon became an accomplice with other Defendants, and (2) the standards of legal representation that were breached (Dkt. # 4, p. 3).

Defendant St. Clair County sought a more definite statement because Plaintiff's

complaint does

not cite any specific actions by Defendant St. Clair County which caused harm to Plaintiff.

Plaintiff's sole claim against the County is a vague assertion that the County is responsible for

the actions of Port Huron police officer, Defendant Smith (Dkt. # 1, ¶2).

## II.    Legal Analysis:

On January 30, 2008, this Court issued an order stating "1. On or before February 20,

2008, Plaintiff is required to file an amended complaint detailing specific factual allegations and

claims for relief against Defendants Sheldon and St. Clair County. 2. Failure to timely file an

amended complaint will result in a recommendation of dismissal of Defendants Sheldon and St.

Clair County from this suit" (Dkt. # 14, p. 3).

Because Plaintiff failed to comply with Court's order and file a more definite statement,

**IT IS RECOMMENDED** that Defendants Sheldon and St. Clair County be **DISMISSED** from this suit.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within ten (10) days of service of a copy

hereof, as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file

specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S.

140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United

States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but

fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401

(6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this

Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Dated: February 29, 2008                         s/Steven D. Pepe_____

Ann Arbor, Michigan                              United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ***Report and Recommendation***  was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 29, 2008.

s/ Alissa Greer_____
Case Manager to Magistrate
Judge Steven D. Pepe
(734) 741-2298